UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUIYE WANG,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF STATE; MARCO RUBIO, Secretary of State; DAVID PERDUE, United States Ambassador to the People's Republic of China; SCOTT WALKER, Consul General at the United States Consulate General in Shanghai, China,

Defendants.

CASE NO. 2:26-cv-00888-JHC

ORDER

## I

## Introduction

This matter comes before the Court on Defendants' Motion to Dismiss. Dkt. # 9. The Court has considered the materials filed in support of and in opposition to the motion, pertinent portions of the record, and the applicable law. Being fully advised, for the reasons below, the Court TRANSFERS the case.

## II

## BACKGROUND[1]

Plaintiff Ruiye Wang, a native of the People's Republic of China, brings this mandamus action against the Department of State and United States government officials to compel the adjudication of his H-1B visa application. *See generally* Dkt. # 1. He worked as a software engineer at Amazon under an H-1B visa from 2021 to 2025. *See id.* ¶¶ 11–12. In 2024, Amazon filed for an extension of the visa after the initial one expired, which the government granted. *See id.* ¶ 13. In 2025, Plaintiff left for China and applied for a new H-1B visa to reenter the United States.[2] *See id.* ¶¶ 14–15.

Plaintiff sat for his H-1B visa interview on August 25, 2025 in the U.S. Consulate at Shanghai. *See id.* ¶ 15. Since then, the government has not adjudicated his visa. *See id.* ¶ 16. Plaintiff eventually learned, after the intervention of Senator Patty Murray, that his visa application had been "temporarily refused on August 25, 2025 under Section 221(g) of the U.S. Immigration and Nationality Act (INA) for necessary administrative processing." *See* Dkt. # 11 at 22.[3] Plaintiff then sued.

Defendants now move to dismiss, contending that venue is improper under Rule 12(b)(3) and, in the alternative, that complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6).

---

[1] The factual background derives from Plaintiff's Complaint, Dkt. # 1, which the Court accepts as true on a motion to dismiss. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

[2] Plaintiff had to reapply for an H-1B visa despite the extension because his original visa had expired and he had left the United States. *See* H-1B Handbook § 4:17 (2026 ed.).

[3] The quotation comes from an email, sent from the Consulate to Sen. Murray's office, which is attached as an exhibit to Plaintiff's response brief. On a Rule 12(b)(3) motion, a court may consider facts outside the pleadings. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004).

## III
## Discussion

A. Rule 12(b)(3) Standards

Under Rule 12(b)(3),[4] a defendant may move to dismiss a complaint for improper venue. Once the defendant has challenged the propriety of venue, the plaintiff bears the burden of showing that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

B. Analysis

Defendants seek dismissal of the complaint on three grounds: That venue is not proper in this district because Plaintiff is not resident here; (2) that he fails to identify any mandatory, nondiscretionary duty that Defendants did not complete; and (3) that even if he could so identify, he has not pleaded sufficient facts to support his claims.

*Venue.* The applicable statute provides that in

> a civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority . . . may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Defendants argue that the case must be dismissed (or else transferred) because Defendants reside in the District of Columbia, a substantial part of events or omissions giving rise to the claim here occurred in China, and Plaintiff does not reside in the Western District of Washington. *See* Dkt. # 9 at 5. Plaintiff concedes the first two points but argues that

---

[4] Because the Court rules that transfer is appropriate but dismissal is not, this Order does not recite Rule 12(b)(6) standards.

he is domiciled and thus resides for venue purposes in the District, permitting him to bring suit here. *See* Dkt. # 10 at 6–9.

The venue statute contains a provision clarifying venue for noncitizens like Plaintiff. Under 28 U.S.C. § 1391(c)(1), "a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled[.]" The Supreme Court has held that this provision provides noncitizens a way to demonstrate domicile, because historically, noncitizens were "assumed not to reside in the United States" and had to "resort to the domicil[e] of the defendant." *Galveston, H. & S.A. Ry. Co. v. Gonzales*, 151 U.S. 496, 506-07 (1894). Ninth Circuit courts have since held that "in the context of venue," that holding "gives rise to a rebuttable presumption that [a noncitizen] does not reside in any judicial district." *Chorostecki v. Blinken*, 742 F. Supp. 3d 1078, 1081 (C.D. Cal. 2024) (citing *Gu v. Napolitano*, 2009 WL 2969460, at *2 (N.D. Cal. Sept. 11, 2009)); *accord Kiyaroudi v. Rubio*, 2025 WL 1434380, at *3 (W.D. Wash. May 19, 2025)). This presumption may be rebutted as follows: "a non-citizen who is lawfully present in the United States and has taken steps under the immigration laws that objectively manifest an intent to make permanent his residence here can claim residence for purposes of the venue statute." *Luna v. United States*, 2021 WL 673534, at *2 (W.D. Wash. Feb. 22, 2021). The issue here, then, is whether Plaintiff has taken such steps.

Plaintiff has not rebutted the presumption. He held an H-1B visa from 2021 to 2024, and USCIS approved an extension of it to 2027. *See* Dkt. # 1 ¶ 12. But the statute creating the H-1B visa category specifies that the holder's residency is temporary. *See* 8 U.S.C. § 1101(a)(15)(H)(i)(b) (an H1-B visa applicant is a noncitizen "who is coming temporarily to the United States to perform services."). Even so, holders of H-1B visas may apply for permanent status through later petitions. *See Tenrec, Inc. v. United States Citizenship & Immigrs. Servs.*,

2016 WL 5346095, at *5 (D. Or. Sept. 22, 2016) (citing *Musunuru v. Lynch*, 831 F.3d 880, 882–83 (7th Cir. 2016)). That Plaintiff never took any "steps under the immigration laws" to secure his permanent residency here strongly suggests that he lacked an intent to establish such residency. *Luna*, 2021 WL 673534, at *2. Plaintiff rests his case for venue on the fact that he maintained a primary residence in Seattle, worked in the city for four years, and has a spouse here. *See* Dkt. # 1 ¶ ¶ 12, 27. These ties alone do not suffice because they are not "steps *under the immigration laws* that objectively manifest an intent to make permanent his residence here." *Luna*, 2021 WL 673534, at *2.

Accordingly, because Plaintiff is not domiciled in this District, he does not have residency for venue purposes. Venue thus does not lie here, and the case may be either dismissed or, if in "the interest of justice," be transferred to "any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a).

C. Transfer

Plaintiff argues that, should the Court find venue to be improper, it should transfer the case. *See* Dkt. # 10 at 10. Defendants urge that transfer would not be the interest of justice because the claims lack merit. *See* Dkt. # 9 at 7.

The Court will not assess the claims because of its determination that venue is improper. Under 28 U.S.C. § 1406(a), the Court possesses the discretion to transfer rather than dismiss the case. The Court exercises its discretion do so because it finds it is in the interests of justice to do so. Ninth Circuit courts have generally ordered transfer in this scenario. *See Fang v. Rubio*, 2025 WL 2772860, at *3 (N.D. Cal. Sept. 29, 2025) (transferring case to District of Columbia where Department of State defendants reside); *Shao v. United States Dep't of State*, 2026 WL 1970747, at *2 (N.D. Cal. July 7, 2026) (same); *Chan v. Rubio*, 2026 WL 1409844, at *3 (N.D. Cal. May 19, 2026) (same). Defendants concede that two of the four of them reside in

Washington, D.C. *See* Dkt. # 9 at 5; *see also Chorostecki*, 742 F. Supp. 3d at 1081 (C.D. Cal. 2024) ("Courts generally agree that federal defendants reside in Washington, D.C. for venue purposes[.]").

## IV

## CONCLUSION

For the reasons above, the Court DENIES the Motion and ORDERS that the case be transferred to the District for the District of Columbia.

Dated this 31st day of July, 2026.

John H. Chun
John H. Chun
United States District Judge